AUMOEUALOGO S. SOLI and VAILA'AU SILIGA, Appellants

v.

ETEUATI LE'IATO, Appellee

[In the Matter of Matai Title "LE'IATO
in the Village of Faga'itua]

High Court of American Samoa
Appellate Division

AP No. 007-86
AP No. 008-86

December 22, 1986

Before REES, Chief Justice, MURPHY, Associate
Justice, KENNEDY*, Acting Associate Justice, TAGO,
Associate Judge, and A'AU, Associate Judge.

Counsel: Appellant Aumoeualogo pro se
For Appellant Siliga, Edwin Gurr
For the Appellee, Tau'ese Sunia

PER CURIAM:

Appellants Aumoeualogo Soli and Vailaau Siliga
challenge the decision of the Land & Titles
Division of the High Court awarding the matai title
"Le'iato" to appellee Eteuati Le'iato.

The court rendered its decision after
consideration of each of the four criteria set out
in A.S.C.A. § 1.0409. Although both appellants
have put forward strong evidence of their
qualifications for this title, we affirm the
decision of the High Court.

A court confronted with the necessity of
deciding which candidate should succeed to a matai

title is required by § 1.0409 to consider: (1) which candidate has the "best hereditary right"; (2) "the wish of a majority or plurality of the clans of the family"; (3) "the forcefulness, character and personality of the candidate and his knowledge of Samoan customs"; and (4) "the value of the holder of the title to the family, village, and country." In this case, the court determined that no one candidate prevailed on the first, second, or third factors. It then determined that appellee Eteuati prevailed on the fourth factor.

On the issue of which candidate had the best hereditary right, the court found that the title at issue is an ancient one and that a claim of a blood relationship ten to twelve generations removed from the original titleholder is therefore plausible. It then ruled that at this level, minute distinctions between candidates would be deemed irrelevant.

This question --- whether "minute distinctions" in blood relationship to an original titleholder ten or twelve generations ago are legally significant --- is an apparently unintended consequence of the Court's decision In re Matai Title Sotoa, #005-82. That decision of the Trial Division, holding that blood relationship was to be calculated only to the original titleholder and not to any subsequent titleholder, was a derogation from the previously settled law. See, e.g., In re Matai Title Alalamua, 4 A.S.R. 93 (1972); Suega v. Sunia 4 A.S.R. 263 (1962); Sueuga v. Laisene, 2 A.S.R. 82 (1939). Prior to the Court's holding in Sotoa, claimants invariably traced their ancestry to recent titleholders as well as to more ancient ones, so that the distinctions tended to be among children and grandchildren of former titleholders (blood relationships of 1/2 and 1/4 respectively) or at least among descendants who could claim blood relationships of 1/8, 1/16, or 1/32. Under these circumstances the Court would hold that claimants were tied only if their blood relationships were precisely equal. Whether this rule should apply under the Sotoa formula, where the relationship of each candidate to the title is far more attenuated, or whether the Appellate Division should reconsider that part of the Trial Division's Sotoa holding that counts blood relationship only to the original titleholder, are questions we need not reach in this case. After appellants Aumoeualogo and Siliga had each moved for a new trial, the Court affirmatively found that no candidate had established his superior claim by the preponderance

of the evidence. Since there was a dispute over how many generations had occurred since the establishment of the title,[1] there is evidence in the record to support the trial court's finding and we are therefore prohibited from disturbing it.

On the issue of the support of a majority or plurality of the clans, the court found that each candidate had some clan support but no candidate could be said to have the support of a majority or plurality. The court determined that of the seventeen clans listed on the questionnaires, no candidate could claim the support of more than four. Although appellant Siliga may have claimed the support of one more clan than appellee Eteuati, he only listed the support of three clans. The court was justified in concluding that Siliga's support was not sufficient to lift him ahead of the other candidates on this factor.

The court found that no candidate prevailed on the issue of forcefulness, character, personality, and knowledge of Samoan customs. Both appellants claim that the court erred in that conclusion. Because we have not had the opportunity to observe the candidates that the trial court has had, we must of necessity defer to the findings of the trial court if they are at all supported by the record. Given the outstanding backgrounds of the appellants and the appellee, we think the court had ample basis to conclude that "each is a man of honor and of integrity . . . an honest, God-

_____

[1] Appellant Aumoeualogo Soli, for instance, testified that he had 1/64 blood relationship to the original titleholder, Le'iato Togiola. This would mean that he was only six generations removed from this ancestor. Appellee Eteuati, on the other hand, testified that he bore only a 1/2048 relationship to Togiola, which would lead to the conclusion that Togiola lived several hundred years earlier than according to Aumoeualogo's version. It is clear that the trial court did not accept Aumoeualogo's version. See Trial Court Opinion at page 2. Similarly, candidate Siliga vacillated in his estimate of his own relationship and the court was apparently not inclined to accept his testimony. We note, incidentally, that under the pre-Sotoa rule the appellee would apparently prevail over either of the two appellants. The appellee claims a 1/16 relationship to the nearest titleholder, appellant Aumoeualogo claims 1/32, and appellant Siliga a more distant relationship.

fearing and responsible member of society . . . (with) an acceptable knowledge of Samoan customs and traditions and of the customs, traditions and history of this family."

The court found that appellee Eteuati prevailed on the issue of the value of the candidate to family, village, and country. Each appellant contests this finding, and each has presented a cogent showing that he is of extraordinary value to his community. Appellant Siliga is an accomplished physician, who has also served his country well in various positions in the field of public health. Appellant Soli is a recognized attorney, and has served in various high government positions. We have no doubt that either of these appellants would have served well as Le'iato. Nevertheless, appellee Eteuati is also of exceptional value to his village, family, and country. He has served for twenty-nine years as a physician, for four years in the House of Representatives, and for two years in the prestigious position of Speaker of the House. He has also been very active in community service. The court, forced to decide among an array of fine candidates, was not clearly erroneous in choosing appellee Eteuati for the title. Having had a chance to observe the candidates, the court no doubt included the age and health of all the candidates in its calculus, and we are not in a position to second-guess that determination on the record before us.

One further issue that we must address concerns appellee Eteuati's place of birth. The Fono has determined that a candidate to succeed to a matai title must either have been born on American soil or have been born to parents who were inhabitants of American Samoa but who were, at the time of his birth, residing abroad temporarily. (Such a candidate must also renounce allegiance to the country of his birth at age eighteen or reside in American Samoa for ten years prior to his candidacy.) A.S.C.A. § 1.403. Doubt has been cast over appellee Eteuati's birthplace as a result of the production of a birth certificate showing that a child was born to his mother in Western Samoa on the date of his birth. On the other hand, he has sworn under oath that he was born in American Samoa, and that his parents have always so advised him.

If we were required to resolve the question of appellee Eteuati's actual place of birth, or to

136

review such a resolution by the trial court, we would be hard pressed to draw a conclusion based on these two pieces of hearsay evidence. We are not, however, required to decide this question. The trial court found that regardless of his actual place of birth, appellee Eteuati meets the statutory prerequisite for candidacy because his parents were inhabitants of American Samoa temporarily living outside American Samoa, and he has resided in American Samoa for over ten years. We have been presented with no evidence from which we can say that this conclusion is clearly erroneous.

The decision of the Land & Titles Division of the High Court is AFFIRMED.

Justice Murphy dissenting:

I am unable to join with the majority in this case. The question of whether or not matai titles should be litigated in the High Court in the first place has been questioned in a variety of forums on various occasions. I do not propose to rehash that issue. I do say that so long as these cases are being decided in Court the Court should comply with the procedure set forth by the Fono. I refer, of course, to the requirement that findings of fact and conclusions of law be made. A.S.C.A. 5 1.0409(d). Granted, Conclusions of law are difficult to come by, since we are not dealing with legal issues at all, but customs and traditions. (The majority nevertheless makes an effort in its decision to announce a legal principle regarding the determination of "clans".) As anyone who has heard very many of these cases knows every family and village has its own customs and traditions and methods of arriving at a consensus in the decision making process. The family leaders themselves often disagree as to precisely what these customs and traditions are. I believe that the Court should announce as its "conclusions of law" just what customs, traditions or if you will, rules it is using to reach its decision. One family may count its faletama from the first descendants of the original titleholder. A different family may count them from the point of view that each succeeding titleholder creates a new "clan" or faletama. It doesn't matter which custom is followed, but the Court should announce what formula it is using. Likewise, the findings of fact should be specific. They may be wrong, but they should be specific. In other words, a

candidate should know why he lost and why the other fellow won.

In this case, the Court held that all candidates were about equal as to hereditary right, support of the clans (without deciding how many clans the family has) and forcefulness, character etc. The sole determining factor announced was the fourth statutory consideration ie: value of the holder of the title to the family, village and country. In my opinion, this is not what the Fono had in mind.

The majority has examined the trial transcript and finds that the Court had before it sufficient evidence to reach the conclusion it arrived at. I don't doubt that nor do I argue that the candidate selected is not the best choice. I am simply stating that the Court did not tell us how it reached its decision. It is required under the statute to do so.

As pointed out by Counsel Gurr in his brief, Chief Justice Jochimsen expressly rejected this method in 1975.

The family members look to the Court to make these findings, not only for purposes of the case at bar, but for future guidance of the family when the next vacancy occurs. If the Court does not make clear where it is coming from, it can choose whom so ever it pleases without any real explanation. This case was handled a bit too casually for me. The appellee didn't even bother to file a brief until compelled to do so, long after the time provided in the rules had passed. I'm sure the trial Judges took this case seriously, but that doesn't come across in the decision rendered. I would remand the case back to the trial Court to either expand or clarify their decision or to grant a new trial.

---

* Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.